OPINION
Appellant William Burgess appeals the decision of the Holmes County Court of Common Pleas that denied his motions to suppress evidence seized following an alleged improper detention of his vehicle and alleged improper questioning without Miranda warnings. The following facts give rise to this appeal.
On June 3, 2000, Trooper Nikita Hendrix of the Ohio State Highway Patrol passed appellant's vehicle and observed that appellant's vehicle, a 1987 Honda Accord, did not have a front license plate. Trooper Hendrix turned his cruiser and began following appellant's vehicle. Trooper Hendrix did not observe a rear license plate or a thirty-day tag displayed. Trooper Hendrix subsequently stopped appellant's vehicle due to appellant's failure to display license plates or a thirty-day tag.
When Trooper Hendrix was within six feet of appellant's vehicle, he noticed a thirty-day tag in the middle upper part of the back window. Trooper Hendrix continued to approach appellant's vehicle and advised appellant that he stopped him for improperly displaying the thirty-day tag. Trooper Hendrix then requested appellant's operator's license and vehicle registration, as well as identification from passengers in the vehicle.
Trooper Hendrix asked appellant to accompany him to his cruiser. After they were seated in Trooper Hendrix's cruiser, Trooper Hendrix smelled the odor of burnt marihuana on appellant's person. Trooper Hendrix began questioning appellant about any knowledge he may have of drugs in his vehicle. Trooper Hendrix questioned appellant without providing Miranda warnings. Only after Trooper Hendrix continued to question appellant did appellant finally admit to having drugs in his vehicle. Appellant went to his vehicle and retrieved the marihuana. Trooper Hendrix continued to question appellant about drugs in the vehicle and appellant incriminated himself with regard to psychedelic mushrooms seized from his vehicle.
On July 12, 2000, the Holmes County Grand Jury indicated appellant for one count of aggravated possession of drugs. Appellant filed motions to suppress on July 26, 2000 and August 2, 2000. On September 28, 2000, the trial court denied appellant's motions. Appellant entered a no contest plea on November 28, 2000, and the trial court sentenced him to community control sanctions.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT FOUND THAT THE ARRESTING OFFICER HAD GROUNDS TO DETAIN THE DEFENDANT-APPELLANT AFTER THE ARRESTING OFFICER HAD OBSERVED A TEMPORARY VEHICLE REGISTRATION TAG AFFIXED IN THE REAR WINDOW OF THE DEFENDANT-APPELLANT'S VEHICLE WHICH COMPLIED WITH OHIO LAW.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT FOUND THAT THE DEFENDANT-APPELLANT WAS NOT REQUIRED TO BE INFORMED OF HIS RIGHT TO REMAIN SILENT WHILE THE OFFICER WAS INTERROGATING THE DEFENDANT-APPELLANT WHILE HE WAS SEATED IN THE OFFICER'S POLICE VEHICLE.
 I
Appellant contends, in his First Assignment of Error, that the trial court erred when it found that Trooper Hendrix had grounds to detain him after Trooper Hendrix observed the thirty-day tag displayed in the rear window of his vehicle. We agree.
The trial court relied upon the case of State v. Eddy (Dec. 7, 1999), Ashland App. No. 99-COA-01316, unreported, in concluding that Trooper Hendrix properly detained appellant's vehicle after he observed the thirty-day tag displayed in the rear window of appellant's vehicle. Appellant argues, on appeal, that the trial court erred when it relied upon the Eddy case as it is distinguishable from the case sub judice. In reviewing this type of a challenge, we can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37,41, overruled on other grounds.
Based upon our review of the record in this matter, we conclude our decision, in Eddy, is not applicable to the facts of this case. In theEddy decision, a trooper from the Ohio State Highway Patrol stopped defendant for not displaying a license plate or thirty-day tag. Id. at 1. After the trooper exited her cruiser, she noticed a temporary tag displayed on the rear of the truck, in the left back portion of the cap.Id. at 1. When the trooper was approximately one to two feet from the vehicle, she could clearly see the temporary tag. Id. The trooper approached defendant's vehicle to issue him a warning for violating R.C.4503.21.[1]
Upon approaching the defendant's vehicle, the trooper detected an odor of alcohol and the defendant was eventually arrested for driving under the influence. Id. The defendant moved to suppress all evidence leading to his arrest on the basis that the trooper did not have reasonable suspicion of criminal activity to justify stopping his vehicle. Id. The defendant argued that the temporary tag was not obscured in violation of R.C. 4503.21 and the trooper was able to read the temporary tag upon approaching the window. Id.
The trial court granted defendant's motion to suppress finding that because the trooper could read the temporary tag while outside the vehicle, the stop was not valid. Id. The state filed a notice of appeal and we reversed the trial court's decision. Id. at 1, 3. In doing so, we concluded:
 * * * [T]he court found in its findings of fact that Trooper Norman could not see the temporary tag clearly until she was one to two feet from the vehicle. Therefore, the officer had reasonable suspicion that appellee was violating R.C. 4503.21, as the temporary tag was not displayed in plain view, and was covered by material obstructing its visibility. The officer was therefore permitted to approach the driver of the vehicle to issue a warning. When the officer approached the vehicle to warn appellee that he needed to clean off the back window because the tag was not clearly visible, she immediately smelled a strong odor of alcohol coming from inside the vehicle. At this point, she had a further reasonable suspicion of criminal activity to justify further detention to investigate. She saw a case of beer inside the vehicle. She also noticed an involuntary jerking of appellee's eyes. At this point, the officer clearly was entitled to detain appellee for the purpose of conducting sobriety tests, which he failed. Id. at 3.
The facts of the case sub judice are almost identical to the facts found in the Eddy decision. Neither trooper could observe the thirty-day tag until they were a short distance from the stopped vehicle. Further, after observing the thirty-day tag, each trooper continued to approach the stopped vehicle in order to issue a warning that the tag was not properly displayed. However, in Eddy, upon approaching the stopped vehicle, the trooper immediately smelled a strong odor of alcohol coming from inside the vehicle. Thus, the trooper had further reasonable suspicion to detain the vehicle and investigate.
However, in the matter currently before the court, the trooper did not smell the odor of burnt marihuana until he removed appellant from his vehicle and had him seated in his cruiser. Unlike the trooper in Eddy, Trooper Hendrix had no specific and articulable facts indicating a continued detention of appellant's vehicle was necessary. Had Trooper Hendrix smelled the odor of burnt marihuana coming from inside appellant's vehicle as he issued him the warning about improperly displaying the thirty-day tags, the continued detention of appellant would have been justified. However, Trooper Hendrix had no reasonable articulable suspicion to justify the removal of appellant from his vehicle for further questioning.
Our conclusion is further supported by the Ohio Supreme Court's decision in State v. Chatton (1984), 11 Ohio St.3d 59, certiorari denied (1984), 469 U.S. 856. In the Chatton case, the Court held that when a police officer stopped a motor vehicle displaying neither the front nor rear license plates, but upon approaching the vehicle observed a temporary tag through the rear windshield, the officer could not detain the driver further to determine the validity of the driver's license absent some specific and articulable facts indicating that the detention was reasonable. Id. at syllabus.
Accordingly, we find the trial court erred as a matter of law when it denied appellant's motions to suppress. Appellant's First Assignment of Error is sustained. We will not address appellant's Second Assignment of Error as we find it moot based upon our disposition of appellant's First Assignment of Error.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is reversed.
Pursuant to App.R. 24(A)(3), appellee shall pay costs in this matter.
Hon. W. Scott Gwin, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J., concur.
[1] R.C. 4503.21 provides, in pertinent part, as to the display of a thirty-day tag:
 No person to whom a temporary license placard or windshield sticker has been issued for the use of a motor vehicle * * *, and no operator of that motor vehicle shall fail to display the temporary license placard in plain view from the rear of the vehicle either in the rear window or on an external rear surface of the motor vehicle, or fail to display the windshield sticker in plain view on the rear window of the motor vehicle. No temporary license placard or windshield sticker shall be covered by any material that obstructs its visibility.